UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GREGREY FETSCH,                                              6:11-cv-6343-TC

                      Plaintiff,

                                                                             ORDER

      v.

CITY OF ROSEBURG, et al.,

                      Defendants.

COFFIN, Magistrate Judge:

      Plaintiff instituted this action on November 2, 2011, alleging deprivation of his liberty interest via denial of a name-clearing hearing following his termination from the City of Roseburg Police Department. Plaintiff also alleged claims for unlawful search and seizure and defamation. On December 31, 2012, the court granted summary judgment in favor of defendants as to all individual defendants and as to the unlawful search and seizure claim. Additionally, the court granted summary judgment as to the state law defamation claim because it had no relation to the federal claims rendering the court without jurisdiction over the claim.

      The case proceeded to trial on the liberty interest claim where plaintiff prevailed, resulting

Page 1 - ORDER

in a jury verdict of $750,000 in non-economic damages. The court has denied defendants' motion for judgment as a matter of law and alternative motion for new trial or remittitur. Plaintiff now moves for fees and costs.

A.      Attorneys' Fees

Plaintiff seeks an award of attorneys' fees in the amount of $244,884.50. Defendants object and contend that plaintiff should be awarded no more than $159,941.75.

Plaintiff, as the party seeking fees, has the burden of showing that time spent by his attorneys was reasonably necessary. Gates v. Deukmajian, 987 F.2d 1392, 1397 (9th Cir. 1992); Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 886 F.2d 1545, 1557 (9th Cir. 1989). In order to support a finding of reasonableness, plaintiff must document the hours spent in the litigation and provide evidence supporting those hours. Gates, 987 F.2d at 1397. Defendants, as the party opposing the fees, must then rebut plaintiff's evidence by "challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." Id. at 1397-98.

In determining the reasonableness of fees, the court is not required to respond to each specific objection. Id. at 1400. Rather, all that is required is a "concise but clear" explanation of reasons for the fee award. Id.

Calculating a "reasonable attorney's fee" involves a two pronged approach. A court must first calculate a lodestar figure by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. Blum v. Stenson, 465 U.S. 886, 888, 104 S.Ct. 1541, 1543 (1984). This lodestar figure is presumed to represent an appropriate fee. Under certain circumstances, however, a court may adjust the award upward or downward to take into account the Kerr factors

Page 2 - ORDER

not subsumed within the initial lodestar calculation. Cunningham v. County of Los Angeles, 879 F.2d 481, 487 (9th Cir. 1988).[1]

Reasonable hourly rates are those that the local legal market would pay for a case of this nature to a lawyer of comparable skill, experience, and reputation to plaintiff's counsel of record. Blum, 465 U.S. at 897. Blum, instructs courts to look at the prevailing rates in the relevant market. Id. at 895, n. 11. Plaintiff utilized three attorneys in this case and a law clerk as well as two legal assistants charging hourly rates ranging from $50/hour to $250/hour. Defendants do not generally object to the hourly rates and the court finds the rates to be generally reasonable. Defendants do object to the fees incurred related to the preparation of the motion for attorneys' fees and bill of costs. Although defendants contend the amount of time spent was excessive, the court finds that the objection is more appropriately construed as an objection to the hourly rate charged for the work. The work primarily related to preparing time records and other exhibits in support of fees and costs. This is simple clerical work that should have been charged at the legal assistant rate of $60/hour. Accordingly, the fee petition is reduced by $190/hour for the 18.8 hours objected to by defendant that

---

[1] The Kerr factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir 1975). Among the many subsumed factors in the lodestar calculation are the novelty and complexity of the issues involved, the special skill and experience of counsel, and the results obtained. Cabrales v. County of Los Angeles, 864 F.2d 1454, 1464 (9th Cir. 1988).

Page 3 - ORDER

related to this clerical work for a total reduction of $3,572.[2]

The fee claimant must next demonstrate that the number of hours spent was reasonable and that counsel made a good faith effort to exclude excessive, redundant, or unnecessary hours. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

Defendants object to the extent that plaintiff seeks fees unrelated to his liberty interest claim connected to publication of stigmatizing statements to the News-Review of Douglas County. Defendants also object to fees incurred as a result of having two lawyers at trial.

### 1.    Defamation Claim

Defendants object to hours spent on prosecuting this unsuccessful claim. As noted in the court's order on summary judgment, the court agrees that plaintiff should not have included the claim in this federal case. Although defendants identify dates on which it believes plaintiff devoted time this claim, it is impossible to parse out exactly which hours were spent devoted exclusively to this claim. Accordingly, the court reduces the requested fee amount by five percent resulting in a reduction of $12,244.

### 2.    Post-Termination Hearing

Defendants object to any fees related to plaintiff's attempts to obtain a post-termination hearing before publication of the News-Review articles. The court declines to reduce the fee requests related to this work because such work was relevant to the meaningfulness of the hearing the City eventually offered.

---

[2]Although some of the work related to researching caselaw regarding fee awards and preparing the memorandum of law, the court has determined to reduce the rate for all the hours noted because there are other mixed entries involving preparation of exhibits involving clerical work that have not been reduced. The court finds that the 18.8 hours best represents the total time spent on clerical work regarding the fee petition.

Page 4 - ORDER

3. <u>Fees Partially Incurred for Fourth Amendment and Defamation Claims, and parts of Liberty Interest Claims Upon Which Plaintiff Did not Prevail</u>

Defendants next object to fees attributable to both the winning and losing claims. Plaintiff has already eliminated 32.5 hours of work related solely to the Fourth Amendment claim and the court has reduced the requested fee for work related to the defamation claim. This is sufficient to account for plaintiff's unsuccessful claims.

4. <u>Department Of Public Safety Standards and Training (DPSST) Proceedings</u>

Defendants object to fees incurred in connection with his defense of the administrative proceedings in which the DPSST considered whether to revoke his peace officer certification. However, as the court recently noted with respect to defendants' post-trial motions, these proceedings were highly relevant to the success of plaintiff's case and, therefore, the court declines to reduce fees related this issue.

5. <u>Bureau of Labor and Industries (BOLI)</u>

Defendants argue that plaintiff is not entitled to fee related to obtaining records from BOLI regarding an unlawful employment practices complaint by Mary Young. The court agrees and, therefore, reduces the fee request in the amount of $425 representing 1.7 hours of work.

6. <u>Attorney Margaret Wilson</u>

Defendant objects to the fees charged by Margaret Wilson for her attendance at trial. Plaintiff retained Wilson when it became clear that attorney Aiken Blitz, whom plaintiff's lead counsel had substantial communications regarding the name-clearing hearing, would be a trial witness. Because the prior communications would be evidence at trial, it was necessary to retain Wilson to examine witness Blitz. Wilson also examined witnesses whom plaintiff's lead counsel had

Page 5 - ORDER

not deposed. The court finds the fees charged by Margaret Wilson are reasonable.

B.   Cost Bill

Plaintiff seeks costs in the amount of $7,589.93 pursuant to 28 U.S.C. § 1920. Defendants object arguing that since they prevailed on some of the claims, no costs should be awarded, but in the alternative, argue costs should be reduced to no more than $6,291.96. Even though there is a mixed judgment in this case, plaintiff substantially prevailed in this case and is entitled to an award of costs.

Plaintiff has voluntarily reduced his cost bill to $6,876.96 to account for costs related to his defamation and Fourth Amendment claims. Defendants still object to costs associated with publication of stigmatizing statements not to the News-Review. Specifically, defendants object to costs for depositions of Allen Boice and Angela Stoffal. Although as noted above, the publication of false allegations to the law enforcement community were important to the meaningfulness of the eventual offer to hold a hearing after publication in the News-Review, the deposition costs shall not be allowed because the transcripts were not necessary and neither witness testified at trial. Accordingly, the bill is further reduced for the costs related to Boice and Stoffal.

## CONCLUSION

For the reasons stated above, plaintiff's motion for attorneys' fees (#110) is allowed in the amount of $228,643.50, and plaintiff's cost bill (#107) is allowed in the amount of $6,291.96.

DATED this 14th day of June 2013.

                              THOMAS M. COFFIN
                              United States Magistrate Judge